HARRIS B. TABACK, ESQ., California State Bar No. 111017
LAW OFFICES OF HARRIS B. TABACK
345 Franklin Street, Ste. 102
San Francisco, CA 94102
Telephone: (415) 241-1400
Facsimile: (415) 565-0110
Email: htaback@earthlink.net

Attorney for Defendant
EDGARDO AGUILAR CRUZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>EDGARDO AGUILAR CRUZ<br><br>Defendants. | No. 0971 3:22 CR 00327-002 WHO<br><br>DEFENDANT AGUILAR CRUZ SENTENCING MEMORANDUM<br><br>Hearing Date: March 9, 2023<br>Time: 2:30 p.m.<br>Court: Honorable William H. Orrick<br>United States District Court Judge |

**INTRODUCTION**

EDGARDO AGUILAR-CRUZ has no objections to the Pre Sentence Investigation Report (PSR) and appreciates Probation's recommendation for a downward variance from the guidelines to a sentence of 33 months.

AGUILAR CRUZ has admitted guilt to a violation of 21 U.S.C. 841(a)(1) and (b)(1)(3) - distribution of fentanyl. His conduct of drug dealing is accurately reflected in the PSR and the Plea Agreement. He purchased fentanyl and other drugs from higher ups in the drug distribution operation, he personally transported significant amounts of fentanyl and other drugs for distribution and he personally sold small amounts of fentanyl on multiple occasions to an undercover law enforcement agent in the Tenderloin neighborhood. The adjusted guideline level

is 23, Criminal History Category I. That range has a recommended sentence of 46 to 57 months. Counsel agrees with Probation that there are multiple 3553(a) factors that justify a below guideline sentence. Further, Counsel respectfully submits that Probation's recommended sentence of 33 months is fair, however, a sentence of credit for time served (17 months) is reasonable given the below 3553(a) factors and AGUILAR CRUZ'S deportation to Honduras which will follow the completion of his sentence.

### I.

### Numerous 3553(a) Factors That Support A Downward Variance

AGUILAR CRUZ is 24 years old with no legal status to be in the United States. He escaped poverty and danger in Honduras at a young age and made his way to the United States on two different occasions. He was deported as a teenager and then illegally re-entered.

1. Factors suggested by Probation (PSR Pg. 20, Paragraph 88 and Sentencing Recommendation, Pg. 2)

A. AGUILAR CRUZ was born into severe poverty in Honduras. His family home had no electricity or running water and there were times the home had no roof. He began working fields with his father at age 5 (picking corn, beans and animal feed) and stopped attending school in the sixth grade. There were times when there was no food on the table. His lack of education is a mitigating factor as it destroys legitimate opportunities and negatively impacts one's judgment.

B. AGUILAR CRUZ developed a substance abuse problem (alcohol, marijuana and cocaine) from the age of 13 to the time of his arrest.

C. No Prior Convictions and No Prior Long Periods of Confinement
Probation accurately notes that AGUILAR CRUZ has no prior convictions and has never served a long period of incarceration before this case.

2. Additional 3553(a) Factors

A. Deportation

AGUILAR CRUZ will be deported to Honduras upon completion of the sentence imposed by this Honorable Court. Further, should he illegally re-enter the United States, he would be in violation of 8 U.S. Code 1326 which carries a maximum sentence of 10 years because of the conviction in this case.

The life that awaits him in Honduras is brutally hard and cursed with poverty. Counsel recently spoke with AGUILAR CRUZ'S mother Lilian Janet Cruz Rodriguez. She confirmed as true all the personal background information in the PSR. Further, she acknowledged that AGUILAR CRUZ will return to the family and help his now 60 year old father pick the crops on the small farm where the family lives. She is happy to know that her son will be home again and stated that her husband needs his help as he ages. AGUILAR CRUZ has now been in custody for approximately 17 months. This period of incarceration has served as a significant lesson to him as it clearly demonstrated the seriousness of his criminal conduct. This loss of freedom combined with numerous conversations with Counsel concerning the danger of fentanyl and the devastation it has caused to users and the community appears to have educated AGUILAR CRUZ to an appropriate level of remorse as expressed to Probation when asked how he feels about the offense:

> "Really bad actually. The thing is you think you are brought up to be strong. I can say I will never do it again. I have never seen these kinds of drugs before. I was not using these drugs before and now I see how dangerous they are." The defendant continued to state he saw how bad the fentanyl epidemic is on the news and now understands "how bad it is now. It is really strong and killing a lot of people." He continued to say he would "feel guilty and bad if someone died from fentanyl [that he sold]." He said he will not sell drugs ever again and that he would rather go back to Honduras than sell drugs."

PSR, Pg. 9 Paragraph 26.

His return to Honduras is essentially a guarantee.

## **CONCLUSION**

This Honorable Court must consider all the factors in The Sentencing Reform Act of 1984, 18 U.S.C. 3553(a) and ultimately impose a reasonable sentence not greater than necessary

- 3 -

1  to adequately punish AGUILAR CRUZ, taking into consideration the circumstances and
2  seriousness of the offense, the need to provide just punishment, to deter others and the need to
3  protect the community from future crimes by AGUILAR CRUZ.

4        Counsel can offer no words to adequately describe the dangers caused by fentanyl use,
5  nor adequately describe the harsh life AGUILAR CRUZ experienced in Honduras.  Imagine
6  growing up without running water, electricity and no roof on one's home.  Walk in the shoes of a
7  5 year old going to school and then working excruciating hours in the fields picking crops to help
8  the family survive and eat.  Those steps cause desperation and risky decisions to bring a family
9  out of poverty.  Aguilar Cruz did just that and he takes responsibility for his choices and regrets
10 his criminal conduct.  There is nothing but heartache and misery in both worlds.

11       AGUILAR CRUZ now understands that our criminal justice system is serious about drug
12 offenses.  He has been informed that should he illegally re-enter, he will be looking at several
13 years in prison.  He understands that should he re-offend in a way that triggers a mandatory
14 minimum sentence, this conviction will serve to double the mandatory minimum and Aguilar
15 Cruz could face a 20 year minimum sentence.  Counsel has made it clear to Aguilar Cruz that he
16 should never forget that for even a moment.

17       For all the above stated reasons, Counsel respectfully requests a sentence of 17 months.
18 In the alternative, this Honorable Court should consider a sentence not greater than 28 months,
19 which is the average length of imprisonment imposed for similar defendants during the last five
20 fiscal years according to The Judiciary Sentencing Information (JSIN) platform.  PSR, Pg. 17,
21 Paragraph 82.

22 Dated: March 1, 2023                Respectfully Submitted,

23                                      LAW OFFICES OF HARRIS B. TABACK

24

25

26                                      By:_____/s/_____
                                   HARRIS B. TABACK
27                                    Attorney for EDGARDO AGUILAR CRUZ

28